# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| RANDY BELCHER, Register No. 166943, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4076-CV-C-SOW |
| | ) | |
| DANA THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Randy Belcher, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Before the court is defendants' November 19, 2007 motion for summary judgment. Plaintiff has filed suggestions in opposition, defendants filed a reply, and plaintiff a sur-reply.

### Background Facts

Plaintiff was incarcerated, pursuant to a March 24, 1988 jury verdict finding him guilty of kidnaping a 14-year-old female from her home, first degree assault against her and armed criminal action. For these crimes, plaintiff was sentenced to 430 years. Plaintiff was sentenced to 15 years for kidnaping, 15 years for assault in the first degree, and 400 years for armed criminal action, all to run consecutive to each other ("Count II to run consecutive to Count I and Count III to run consecutive to Count II"). On April 24, 1989, in a separate criminal proceeding, plaintiff pleaded guilty to the charge of forcibly raping the 14-year-old female whom he had kidnaped. Plaintiff was given a life sentence. It was specifically stated that this sentence was to run consecutive to plaintiff's previous sentences for kidnaping, first degree assault and armed criminal action.

Some of plaintiff's claims have already been dismissed. Specifically, plaintiff's claims against the Missouri Board of Probation and Parole (Board); compensatory damage claims against the members of the Board; claims challenging the statutes and regulations applied to plaintiff's parole consideration, hearings and denial of parole as violation of his due process rights; claims challenging as ex post facto the change in Missouri law as to the number of Board members; claims of equal protection; and claims challenging the Board's failure to follow state law and regulations have been dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.[1]

Plaintiff's remaining claims are for prospective declaratory and injunctive relief against members of the Board on his ex post facto violation claims. Plaintiff's remaining ex post facto violation claims allege (1) that Mo. Rev. Stat. § 558.019 no longer includes a subsection that allows the Board to convert consecutive sentences to concurrent sentences; (2) that the current version of 14 C.S.R. § 80-2.020 no longer includes the Superior Program Achievement which could allow limited advancement of release date for plaintiff; (3) that section 14 C.S.R. § 80-2.030 no longer includes a subsection providing that inmates who have consecutive sentences will be given hearings in the same manner as other inmates; and (4) that the current version of Mo. Rev. Stat. §§ 558.011 and 558.019 do not allow for plaintiff to be conditionally released until 2406, which he believes is 350 years later than under the version of these statutes in effect when he committed his crimes.

**Discussion**

*Ex Post Facto*

Article I, § 10, of the Constitution prohibits the states from passing any "ex post facto law." This Ex Post Facto Clause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). Two critical elements must be present for a law to be ex post facto: (1) it must be applied to events occurring before its enactment; and (2) it must

---

[1] March 27, 2007 Order of the Honorable Scott O. Wright granting, in part, and denying, in part, defendants' motion to dismiss plaintiff's claims.

2

disadvantage the offender affected by it. Burnside v. White, 760 F.2d 217, 220 (8th Cir. 1985); Maggard v. Moore, 613 F. Supp. 150 (W.D. Mo. 1985). In Morales, the Supreme Court held that whether a retroactive change in state law is a violation of ex post facto is determined by whether the law creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes." Garner v. Jones, 529 U.S. 244, 250 (2000). "The question is a matter of degree." Id. A retroactive application of a change in state parole statutes or guidelines does not necessarily constitute an ex post facto application of the law. Id. A speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment does not create an ex post facto problem. Id. at 251; see also Morales, 514 U.S. at 499 (change in law as to frequency in parole hearings created only a speculative and attenuate effect of increasing measure of punishment and did not violate the prohibition of ex post facto).

A review of Mo. Rev. Stat. § 558.019 (2008) confirms plaintiff's allegations that the previous 1999 statutory language specifically stating that

> the board of probation and parole, in the case of consecutive sentences imposed at the same time, pursuant to a course of conduct constituting a common scheme or plan, shall be authorized to convert consecutive sentences to concurrent sentences, when the board finds, after hearing with notice to the prosecuting or circuit attorney, that the sum of the terms results in an unreasonably excessive total term, taking into consideration all factors related to the crime or crimes committed and sentences received by others similarly situated,

Mo. Rev. Stat. § 558.019 (1999), has been removed from the provisions of the new 2008 statute. However, plaintiff has come forward with no evidence from which a reasonable jury could find that this change in the law creates a sufficient risk of increasing his measure of punishment.

First, the previous provisions of Mo. Rev. Stat. § 558.019(5), which plaintiff seeks to have applied to his parole consideration, were not in effect in 1987 when plaintiff committed his crime. The provision was added to the statute in 1994 after plaintiff committed his crime, and was subsequently repealed in 2005. Because the statute did not exist at the time of plaintiff's crimes, the failure to apply it to plaintiff does not increase his punishment for his crimes beyond that which was in existence at the time of his crimes.

Second, despite plaintiff's allegations that the Board, at his 2000 parole hearing, made statements from which he inferred that they were converting his 15-years, 15-years, 400-years and life sentences from consecutive to concurrent, plaintiff has failed to come forward with evidence to support his claims that a conversion was made to his sentences, pursuant to the previous section 558.019(5). Reviewing plaintiff's claims in the light most favorable to him, he did not meet criteria by which the Board could have applied the portion of the statute allowing a conversion from consecutive to concurrent. Specifically, plaintiff's life sentence was not imposed at the same time as his other sentences, as is required by the language of the statute. Plaintiff's consecutive sentencing of 15 years, 15 years, and 400 years was issued on December 8, 1988, upon a jury verdict finding plaintiff guilty of kidnaping, assault first degree, and armed criminal action; it was not until four months later, on April 24, 1989, that plaintiff's sentence of life was entered on his plea of guilty to charges of forcible rape.

Third, even overlooking the obvious inconsistency between plaintiff's claims and the criteria of the statute, plaintiff has failed to come forward with evidence from which a reasonable jury could find that the Board converted his sentence, pursuant to Mo. Rev. Stat. § 558.019(5). A finding under section 558.019(5) would have required the Board to give notice to the state prosecutor that such a hearing was being conducted, and then at such a hearing, specifically make a finding that plaintiff's consecutive sentence terms were unreasonably excessive. Here, plaintiff fails to come forward with evidence or even make allegations that such a hearing was conducted or that such a finding was made. Taking the facts as alleged by plaintiff in the light most favorable to his claims, the facts do not support such a finding, nor could a jury draw such an inference that the Board, in their discretion, found plaintiff's consecutive sentences for the crimes of kidnaping, assault, armed criminal action and rape against plaintiff's 14-year-old neighbor victim[2] to be excessive. Rather, the undisputed evidence shows that the Board was concerned with the circumstances of plaintiff's crimes and denied him parole in the years 2000 and 2005 on the grounds that "[r]elease at this

---

[2] See findings of fact, Missouri v. Belcher, 805 S.W.2d 245 (Mo. App. S.D. 1991) (affirming jury verdict of guilty and sentencing of Belcher on kidnaping, assault first degree, and armed criminal action).

4

time would deprecate the seriousness of the present offense based on . . . [c]ircumstances surrounding the present offense."

With no evidence to support his claims that the previous provisions of section 558.019(5) were in effect when plaintiff committed his crimes; no evidence that Mo. Rev. Stat. § 558.019 (2008) has ever been applied to plaintiff retroactively; and no evidence from which a reasonable jury could find that plaintiff's punishment for the crimes of which he was convicted, has been, or will be, detrimentally affected by the change in the statute, plaintiff's claims alleging that the removal of the provision to allow conversion from consecutive to concurrent sentences as violation of the Ex Post Facto Clause fail.

Plaintiff also fails to come forward with evidence from which a reasonable jury could find that the 1988 change in 14 C.S.R. § 80-2.020, which no longer allowed opportunity for prisoners to qualify for the Superior Program Achievement in consideration of their parole, violated the Ex Post Facto Clause. Plaintiff fails to come forward with evidence that he ever qualified for the program. The program as previously set forth in 14 C.S.R. § 80-2.020(5) states "[i]nmates who demonstrate superior program achievement may be considered for a limited advancement of the presumptive [release] date previously set." Plaintiff has no evidence, nor does he assert, that he has ever had a presumptive release date set. Without ever qualifying for consideration under the Superior Program Achievement section 80-2.020(5), and with such a program to be applied at the pure discretion of the Board, there is no basis from which a jury could find that the removal of the program puts plaintiff at sufficient risk for having the measure of punishment for his crimes increased. See also Cooper v. Holden, 189 S.W.3d 614, 619 (Mo. App. W.D. 2006) (to have entitlement to conditional release under repealed Missouri statute, plaintiff must have already had conditional release set; if no date was set, then change is procedural and not substantive and does not violate the Ex Post Facto Clause).

As to the removal under 14 C.S.R. § 80-2.030 in 1988 of the provision providing that inmates who have consecutive sentences will be given hearings in the same manner as other inmates, plaintiff fails to show how this puts him at risk of having the measure of punishment for his crimes increased in any way. There is no evidence to suggest plaintiff has not been

5

given appropriate parole hearings. Plaintiff acknowledges he has received two parole hearings and is scheduled for another hearing in 2010. There is no evidence from which a reasonable jury could find that the removal of the provision under section 80-2.030 violated plaintiff's rights under the Ex Post Facto Clause.

Finally, plaintiff has failed to come forward with evidence to support that the calculation of his conditional release date, pursuant to Mo. Rev. Stat. §§ 558.011 and 558.019, is a violation of the Ex Post Facto Clause.

Plaintiff has come forward with no evidence that the Board even applied the minimum terms or any provision of these laws to his parole considerations. The reasons cited by the Board in denial of plaintiff's parole do not provide or indicate that these statutes were applied in his parole consideration. Additionally, section 558.019(9) specifically provides that "[t]he provisions of this section shall apply only to offenses occurring on or after August 28, 2003."

Moreover, plaintiff's allegations challenging section 558.011 are not truly ex post facto claims. What plaintiff seeks is for the section 558.011 provision, stating that a conditional release date of 75 years is to be applied to life sentences, be used to determine his conditional release date. This claim is based on the assumption that plaintiff's consecutive sentences were, in fact, converted to concurrent, and that plaintiff's only sentence for which he is serving time is his life sentence. As set forth above, plaintiff has come forward with insufficient evidence from which a reasonable jury could find that his consecutive sentences were converted to concurrent, or that the Board's failure to apply the now-repealed section 558.019(5) allowing for such discretionary conversion, violated the Ex Post Facto Clause.

## Conclusion

At no point have the elements of plaintiff's crimes for which he was convicted and sentenced been changed, nor does plaintiff have sufficient evidence from which a reasonable jury could find that the change in the parole statutes created a sufficient risk of increasing his punishment for the crimes of which he is already convicted and sentenced. Plaintiff's ex post facto claims challenging Mo. Rev. Stat. § 558.019(5), 14 C.S.R. § 80-2.020, 14 C.S.R. § 80-2.030 as no longer providing certain parole options are, at most, speculative claims based on his attempts to be released earlier on parole. At most, plaintiff's claims challenging the

6

legislative adjustments to parole statutes and procedures create an attenuated risk of affecting the length of his imprisonment. Wheat v. Missouri Bd. of Prob. and Parole, 932 S.W.2d 835, 839 (Mo. App. 1996); California Dep't of Corr. v. Morales, 541 U.S. at 508-14.

Plaintiff's cite to California case law, such as Irons, III v. Warden of California State Prison-Solano, 358 F. Supp. 2d 936 (E.D. Cal. 2005), and Rosas v. Nielsen, 428 F.3d 1229 (9th Cir. 2005), in support of his claims is not binding or persuasive to this court. California courts have found that because statutory language in California still contains mandatory language such as "shall" and "unless," California inmates have a cognizable liberty interest in release on parole. These cases are irrelevant to the question of whether, under Missouri law, plaintiff has a liberty interest in being released on parole. Since the enactment of Mo. Rev. Stat. § 217.690 in 1984, Missouri defendants clearly have not had a liberty interest in parole. See Marshall v. Mitchell, 57 F.3d 671, 672-73 (8th Cir. 1995).

To the extent plaintiff alleges that further discovery is necessary, this court finds the allegations to be unfounded. Plaintiff has had opportunity to conduct discovery in this case. Plaintiff did not at any time file a motion seeking to compel discovery. Although plaintiff's motion for judgment on the pleadings and responses to defendants' summary judgment motion state that additional discovery would support his claims for relief, plaintiff has not requested a stay of the ruling of summary judgment or his motion for judgment on the pleadings. Plaintiff was sentenced to 430 years, plus life, for kidnaping, raping and assaulting a 14-year-old girl. It was clearly the goal of the jury and the judge that plaintiff never be released from prison. He cannot serve longer than life, and nothing has changed which increases that sentence.

Based on the foregoing, it is

RECOMMENDED that plaintiff's previously filed motion seeking judgment on his pleadings be denied, defendants' motion for summary judgment be granted and plaintiff's claims be dismissed. [35, 47]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

7

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 13th day of May, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge