IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RANDY BELCHER, Register No. 166943, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4076-CV-C-SOW |
| | ) | |
| DANA THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On May 13, 2008, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on May 30, 2008. Plaintiff's objections fail to support an ex post facto violation claim. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court notes plaintiff's objection that the alleged statements of a Parole Board member, Ansel Card, support his claims and show that the Parole Board intended his sentences to be converted from consecutive to concurrent, pursuant to previous Missouri Revised Statute § 558.019(5); and that he has had a conditional release date set, thus qualifying for application of a previous Superior Achievement Program, is without merit. Ansel Card's alleged statement to plaintiff's mother, see plaintiff's objections, Exh. B, in the context of the conversation as submitted by plaintiff, affirms that plaintiff's sentences were to run consecutively, and that plaintiff had no real conditional release date set. Plaintiff's life sentence was the last criminal sentence he received, and it was ordered to run consecutive to his three other consecutive sentences previously issued. Thus, for purposes of parole and setting a conditional release date, plaintiff's last issued consecutive sentence, his life sentence, would be the controlling sentence, as referenced by the statement of Ansel Card. Further, the prison face-sheet submitted by plaintiff shows his minimum and maximum release dates for his

life sentence (identified by Ansel Card in Exh. B, as plaintiff's controlling sentence) to be 99/99/9999, indicating no date is set.  Plaintiff's objection that he was denied discovery is also without merit.  Plaintiff was granted sufficient discovery in this case, and further discovery will not change the facts showing that plaintiff's constitutional rights were not violated when the Parole Board denied plaintiff parole on his three consecutive sentences totaling 430 years, plus an additional consecutive sentence of life, for kidnaping, raping and assaulting a 14-year old girl.  The court is persuaded the recommendation is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal.  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of May 13, 2008, is adopted.  [55]  It is further

ORDERED that plaintiff's previously filed motion seeking judgment on his pleadings is denied, defendant's motion for summary judgment is granted, and plaintiff's complaint is dismissed.  [35, 47]

/s/

SCOTT O. WRIGHT
Senior United States District Judge

Dated:  August 5, 2008
Kansas City, Missouri